<hr />

# SUPREME COURT.

## HARVEY CHURCH agt. JONATHAN W. FREEMAN and others.

Issues of fact in *common law* actions must be tried by a *jury*, unless the parties choose to waive this right. But it is for the *court* to say, in *other cases*, whether an issue of fact shall be tried by a jury or by the court without a jury.

It is the right of the court in every case embraced in the 254th section of the Code, to have the aid of a jury upon the trial, and to submit to its determination as many or as few of the questions of fact presented by the pleadings, as it may deem expedient. Nor does it lie with the parties, as it seems sometimes to have been supposed, to determine whether an issue or a specific question of fact shall be tried by a jury. Upon the application by either party upon ten days' notice for such a trial, the court may or may not direct that the issues

Church agt. Freeman.

be tried by a jury. But if the application be denied, or if no application be made, the court still has the power at the trial to order the whole issue, or any specific question of fact involved therein, to be tried by a jury.

*Albany Special Term, August,* 1857.

MOTION to settle issues, &c.

From the year 1844 to May, 1847, the plaintiff and the defendant Gurdon Grant, together with George Coffin, were partners in the lumber business at Troy and West Troy, under the firm of Grant, Coffin & Church. The defendant Freeman was also engaged in the manufacture of lumber at Glenns Falls, in the county of Warren.

On the first of January, 1845, an agreement was entered into between Freeman and Grant, whereby they were to become jointly interested in the purchase of a tract of lumber land in the county of Essex, and in the purchase and manufacture of other lumber. The lumber manufactured under this arrangement was from time to time forwarded to the firm of Grant, Coffin & Church, to be sold upon commission.

On the 14th of January, 1847, Grant executed an instrument whereby he declared that the plaintiff was to be deemed interested in the property held under the agreement of the first of January, 1845, to the extent of one-third of Grant's half, as fully as if he had been named and made a party to the articles of copartnership. Grant further agreed, that whenever he settled with Freeman, he would pay over to the plaintiff his share of the amount received. At the same time, Freeman signed an instrument, whereby he consented to the arrangement with the plaintiff, constituting him a partner in the business mentioned, in all respects as fully as if he had been a party to the original agreement of January 1st, 1845.

In May, 1847, the firm of Grant, Coffin & Church, was dissolved. The defendant Cameron became the assignee of the interest of Coffin, and the business was continued by Grant and Freeman with the plaintiff, under the firm of Grant, Freeman & Church.

On the first day of February, 1853, Freeman paid to Grant

$5,000, in full payment of his interest in the agreement of the first of January, 1845.

The plaintiff, after setting forth these facts in his complaint, alleged that the settlement between the defendants Freeman and Grant, was made without his authority, and with full knowledge on the part of Freeman, that the sum paid by him was less by $25,000 than the one-half of the profits of the adventure and business mentioned in the agreement of January 1st, 1845; that Freeman, in order to procure a receipt in full, which was executed by Grant, falsely represented to Grant and to the plaintiff, and Grant relied upon the representation, that the sum of $5,000 was the full amount of the net profits of said adventure and business, well knowing, as the fact was, that Grant and the plaintiff were ignorant in regard thereto; and that Freeman received the receipt from Grant, after the plaintiff had protested against the giving thereof, and with full knowledge by Grant and Freeman, that the plaintiff did not and would not assent thereto. The plaintiff further averred that there never had been an accounting in relation to the business or adventure, or the expenses thereof, or receipts from sales of lumber; that Freeman had conveyed the land and received therefor a large sum of money, for which he had never accounted, and with the exception of the sum of $5,000 paid to Grant, he still had the proceeds of the land and the entire net proceeds of the adventure and business in his hands unaccounted for, and claiming the same absolutely as his own, and insisting that the receipt executed by Grant, is a perfect discharge from all further liability to account.

The plaintiff claimed judgment that the parties to the action should account in reference to the adventure or business, arising out of the agreement in question, and that upon such accounting, Freeman should be allowed one-half the net profits of the adventure or business, and the plaintiff one-sixth, Grant one-sixth, and Cameron, as the assignee of Coffin, the other sixth.

The defendant Grant, in his answer, denied that the settlement with Freeman was made without the knowledge or au-

thority of the plaintiff. On the contrary, he averred that the receipt executed upon such settlement, is in the handwriting of the plaintiff, and was executed with his full knowledge and assent. He also denied specifically all the allegations of fraud and misrepresentation on the part of Freeman alleged in the complaint. The answer of Freeman is substantially to the same effect. Cameron did not answer. Within the time limited by the 69th rule of the court, the plaintiff gave notice of this application.

W. A. BEACH, *for plaintiff*.
A. B. OLIN, *for defendant Freeman*.
J. H. REYNOLDS, *for defendant Grant*.

HARRIS, Justice. When the distinction between suits in equity and actions at law prevailed, the court might, in a suit in equity, direct issues to be framed and questions of fact to be tried by a jury, when in its opinion the proceedings would be thereby expedited, or costs diminished, or the ends of justice promoted. And when no such order had been made before the hearing, it was competent for the court, upon the trial, to award an issue to determine any question arising upon the evidence. (*See The New-Orleans Gas Light and Banking Company agt. Dudley*, 8 *Paige*, 452.)

I understand the practice to be substantially the same under the Code. The 253d section provides for the trial of issues of fact in common law actions by a jury. The 254th section declares that "every other issue," which, of course, embraces actions of an equitable nature, is triable by the court. But the section proceeds to declare that the court may order the whole issue, or any specific question of fact involved therein to be tried by a jury. In all this class of cases, the mode of trial is a question addressed to the discretion of the court. If the nature of the issue is such, that a trial by jury will be likely to subserve the ends of justice, and facilitate the determination of the action, that mode of trial should be adopted; if not, the case should be tried without a jury.

Nor does it lie with the parties, as it seems sometimes to have been supposed, to determine whether the issue or a specific question of fact shall be tried by a jury. It is true, that either party, if he desire a trial by jury, may within ten days after the cause is in readiness for trial, give notice of an application for that purpose. Upon the hearing of this application, the court may or may not direct that the issues in the action be tried by a jury. This will depend very much upon the probable course of the trial, and the nature of the questions to be decided. But if the application for a trial by jury be denied, or if no application be made, the court still has the power at the trial " to order the whole issue, or any specific question of fact involved therein, to be tried by a jury." Issues of fact in common law actions must be tried by a jury, unless the parties choose to waive this right. But it is for the court to say in *other cases*, whether an issue of fact shall be tried by a jury or by the court without a jury. I suppose it is the right of the court, in every case embraced in the 254th section of the Code, to have the aid of a jury upon the trial and to submit to its determination as many or as few of the questions of fact presented by the pleadings as it may deem expedient. I have in repeated instances, availed myself of this power at the circuit.

Entertaining this view of the power of the court upon the trial, it has not seemed to me to be a proper exercise of the discretion of the court, in ordinary cases, to instruct the court before which the case is to be tried, beforehand, what question it shall submit to a jury and what it shall not. It is better, I think, as a general rule, to leave the court which is to be charged with the conduct of the trial, to determine for itself the manner in which the questions of fact in the case shall be decided.

Nor have I been able to see that this case should be made an exception to this rule. It is true, that it involves a question of fraud. The gravamen of the complaint is, that the settlement which the plaintiff seeks to avoid was unfairly obtained. But, unless I have entirely misapprehended the effect

of the pleadings, and the character of the issues to be tried, the determination of the action will involve the examination of very extensive transactions between the parties, covering a period of about eight years, and quite unsuited to a trial by jury. Under these circumstances, it is my duty to deny the motion, leaving it to the court, when the action is brought to trial, to determine for itself, whether it will submit any, and if any, what questions to the decision of a jury.

The costs of the motion should abide the event of the suit.