HENRY H. BIRDSALL et al., Respondents, *v.* GEORGE W. PAT-
TERSON, Jr., Appellant.

Under section 399 of the Code, as amended in 1860, in an action wherein
a husband and wife were joined as parties plaintiff, the husband was a
proper witness on behalf of the wife.

Upon the trial by a jury of issues settled in an equity action, the court
has no authority to nonsuit plaintiff. The jury must find upon the
issues, and their finding must be presented to the court upon the final
hearing. If proof is necessary to establish facts not admitted in the
pleadings or found by the jury, such proof must then be given. The
court using the findings of the jury for its information, finds the facts
and decides the law substantially as if all the issues had been regularly
tried before it, and exceptions may be taken in the same manner as if
the case had been so tried, and findings not thus excepted to cannot
be questioned upon appeal to this court.

A. being about to sell certain premises of B. under a decree of foreclosure,
it was agreed that A. should take up a prior mortgage and let B. have
time for payment of the amount of such prior mortgage and of the
decree and costs, for which forbearance B. was to pay $1,000, besides
lawful interest. A. thereupon bid off the premises at the sale, conveyed
them to the wife of B., who joined with B. in a mortgage thereon to
secure a bond for the whole sum, including the $1,000. *Held*, that the
transaction was usurious and the bond and mortgage void.

(Argued January 11, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Supreme
Court in the seventh judicial district, affirming a judgment
in favor of the plaintiffs, entered upon the decision of the
court at Special Term.

The action was brought to set aside and restrain the fore-
closure of a bond and mortgage on the ground of usury.

The material facts, as alleged in the complaint, are as fol-
lows: On the 20th day of January, 1852, the plaintiff Henry
H. made to Hayt & Towner his bond, the payment whereof
was secured by a mortgage then made to them by the plain-
tiffs upon lands owned by the plaintiff Rachel. And such
bond and mortgage were afterward assigned to the defendant
and one Hungerford, who, in August, 1858, obtained thereon

a decree of foreclosure and afterward advertised the premises for sale pursuant to that decree.

That the plaintiffs applied to the defendant and Hungerford for further time to make payment, and negotiation was had resulting in a corrupt and usurious arrangement that the defendant and Hungerford would advance the amount to pay a prior mortgage of $2,000 made May 15, 1849, by plaintiffs to one Tompkins on the same premises, and extend the time of payment for the time hereinafter mentioned of the amount advanced to pay that mortgage, together with the amount of the decree, costs and expenses, for a bonus of $1,000 and interest on the gross sum, including the said bonus. And to consummate the arrangement, it was also agreed that the premises should be sold on the decree, bid off by the defendant and Hungerford; and thereupon they would make a deed to said Rachel E., and the plaintiffs should make to them a bond with a mortgage on the same premises to secure the payment of the amount of the decree, costs and expenses of the sale, etc., including the amount of the Tompkins mortgage and the $1,000 bonus, payable, with interest annually, in five equal annual installments.

That pursuant to this arrangement the premises were sold and bid off by the defendant and Hungerford for the amount of the decree, costs and expenses of sale (which with the amount of the Tompkins mortgage amounted to $4,312.81). And thereupon the defendant and Hungerford, executed to plaintiff, Rachel E., a deed, and the plaintiffs made to them the bond and mortgage in question for $5,312.81, payable with interest annually in five equal annual installments, except $312.81, which, with interest, was payable first May then next. Hungerford assigned his interest in the bond and mortgage to the defendant who was proceeding to foreclose by advertisement when this action was brought.

All the facts above stated, except the *corrupt* agreement, are admitted by the answer.

Issues were settled in the action to be tried by a jury, as follows: 1. Whether the usurious agreement was made, as

alleged in the complaint; and, 2. Whether the bond and mortgage, referred to in the complaint, executed to Hungerford and Patterson, were delivered pursuant to the alleged usurious agreement.

Upon the trial of these issues defendant moved for a nonsuit which was denied, and the jury found both issues in the affirmative.

Plaintiff moved for judgment on the verdict, and defendant for a new trial, on a case containing exceptions. The motion for a new trial was denied and judgment ordered for plaintiff, adjudging the bond and mortgage in question were void, and that the same be given up to be canceled, with costs.

Other facts, so far as important, appear in the opinion.

*George T. Spencer* for the appellant. The court erred in admitting the testimony of Henry H. Birdsall in favor of his wife. (*Dean* v. *Thornton*, 13 N. Y., 266; *King* v. *Lowry*, 20 Barb., 532; *Hasbrouck* v. *Vandervoort*, 9 N. Y., 153; *McCondray* v. *Ardle*, 26 Barb., 612; *Smith* v. *Smith*, 15 How., 165; *Marsh* v. *Potter*, 30 Barb., 506; *Hicks* v. *Bradner*, 35 How., 118; *Pillow* v. *Bushrup*, 4 id., 9; Sedgwick on Stat. Law, 313, 314, 315; *Hurd* v. *Cass*, 9 Barb., 366, 368; *Clark* v. *Clark*, 560; Broom's Legal Maxims, 28.) The court erred in refusing to decide, as matter of law, that there was no proof of a usurious agreement. (*Stockwell* v. *Holmes*, 33 N. Y., 53, 54; *Lathrop* v. *Hoyt*, 7 Barb., 59; *Cutler* v. *Wright*, 22 N. Y., 472; *Ryan* v. *Dox*, 25 Barb., 447; *Flint* v. *Sheldon*, 13 Mass., 443; *Thurber* v. *Townsend*, 22 N. Y., 517; *Nelson* v. *Vandure*, 3 Sand. Ch., 268; *Woodruff* v. *Hudson*, 32 Barb., 557; *Crickery* v. *Dickson*, 35 id., 86; *Neimcewiez* v. *Gahn*, 3 Paige, 614; 11 Wend., 312.) Whether there was usury or not, plaintiffs are not entitled to relief. (3 R. S., 5th ed., § 13; *Williams* v. *Fitzhugh*, 37 N. Y., 444; *Brown* v. *Vanderburgh*, 43 id., 195, 199; *Schemerhorn* v. *Talman*, 4 Kern., 93, 126, 130; *Rexford* v. *Widger*, 2 Coms., 131; *Post* v. *Bank of Utica*, 7 Hill, 391; *Winsted Bank* v. *Webb*, 39 N. Y., 325; *F. and M. Bank* v.

*Joslyn,* 37 id., 353; *Billington* v. *Wagner,* 33 id., 241; *Vilas* v. *Jones,* 2 Coms., 247; 2 Leading Cases in Eq., part 2404; *Neimcewiez* v. *Gahn,* 3 Paige, 614; Hillard on Morts., 227.)

*George B. Bradley* for the respondents. The evidence of Henry H. Birdsall in behalf of his wife, his co-plaintiff, was properly received. (Code, § 399, as amended in 1862; *Marst* v. *Potter,* 30 Barb., 506; *Hooper* v. *Hooper,* 43 id., 292; *Schafner* v. *Reuter,* 37 id., 44; *Chamberlain* v. *People,* 23 N. Y., 85, 88; *Shoemaker* v. *McKee,* 19 How., 86; *Wehrkamp* v. *Willett,* 1 Keyes, 250, 253; *Card* v. *Card,* 39 N. Y., 322.) Plaintiffs' evidence was sufficient to establish usury. (*Crippen* v. *Hermance,* 9 Paige, 211; *Ryan* v. *Dox,* 34 N. Y., 307.) The corrupt agreement in the outset was not purified by the sale, and the decree did not interfere with the charge of usury. (*Bank of Salina* v. *Alvord,* 31 N. Y., 472; *Hall* v. *Earnest,* 36 Barb., 585; *Fitzsimons* v. *Beam,* 44 Penn. St., 32; *Scott* v. *Lloyd,* 9 Peters, 447, 451–456.) Plaintiffs are borrowers within the statute. (*Post* v. *Bank of Utica,* 7 Hill, 404, 405; *Livingston* v. *Harris,* 11 Wend., 342; *Schemerhorn* v. *Talman,* 4 Kern., 133; *Perrine* v. *Striker,* 7 Paige, 598, 602; *Cole* v. *Savage,* 10 id., 583; *Morse* v. *Hovey,* 9 id., 197; *Hungerford Bank* v. *Dodge,* 30 Barb., 627; *Judd* v. *Seaver,* 8 Paige, 554; Code, § 148.)

EARL, C. Upon the trial of this action, the defendant objected that the plaintiff, Henry H. Birdsall, was not competent to give evidence in behalf of his wife, the other plaintiff. The objection was overruled and he gave such evidence.

The action was tried in September, 1862, and then the Code, § 399, provided that a party to an action might be examined as a witness " on his own behalf, or in behalf of any other party, in the same manner and subject to the same rules of examination as any other witness." This section of the Code has frequently perplexed the legislature and the courts. It has not always been easy to understand or expound it. The plain, obvious meaning of the language used is certainly

broad enough to sanction the ruling made at the circuit, and the current of judicial authority sustains it. (*Marsh* v. *Potter*, 30 Barb., 506; *Hooper* v. *Hooper*, 43 id., 292; *Schaffner* v. *Reuter*, 37 id., 44; *Chamberlain* v. *The People*, 23 N. Y., 85; *Shoemaker* v. *McKee*, 19 How., 86; *Wehrkamp* v. *Willett*, 1 Keyes, 250; *Card* v. *Card*, 39 N. Y., 321.)

This question has, since the law of 1867 in reference to the testimony of husband and wife, ceased to be of any practical importance, and therefore, without the full discussion it might otherwise deserve, I will simply say that I am of opinion that no error was committed in receiving the husband's evidence.

At the close of plaintiffs' evidence upon the trial of the issues, defendant's counsel moved that the court decide as matter of law upon the evidence that there was no proof of any usurious agreement, and that as to the issues on trial the plaintiffs be nonsuited. The court denied the motion and defendant's counsel excepted. This motion was properly denied for two reasons.

(1.) This was an equitable action, and issues had been framed and ordered to be tried before a jury at the circuit. These issues were upon trial at the time this motion was made. The action was not upon trial, and the whole case was not then before the court. These issues, like feigned issues under the old chancery practice, were ordered to be tried, so that the court could have the findings of the jury upon the final hearing of the whole case for the information of its conscience. The order of the court framing the issues and ordering them to be tried, is not satisfied by the finding or decision of the judge holding the circuit. The jury must find upon the issues, and their finding must be presented to the court upon the final hearing. If they find upon insufficient evidence, the party aggrieved has his remedy by a motion for a new trial, according to the practice prescribed in Supreme Court Rule No. 33. The judge presiding at the trial of the issues has no right to nonsuit. He may probably order the jury to find either way upon the

issues, and the jury having found in accordance with his order, his decision may be reviewed upon a motion for a new trial. But such an order was not asked for in this case. Hence no error was committed by the judge in his refusal to nonsuit. (*Snell* v. *Loucks,* 12 Barb., 385 ; Van Santvoord Eq. Pr., 261, 500.)

(2.) But if we assume that the question has been properly raised and is properly before us, I am of opinion that the proof was sufficient to sustain the finding of the jury upon the question of usury.

The usury laws of this State prohibit the taking of more than seven per cent, directly or indirectly, for the loan or forbearance of money, and condemn all contracts or securities whereupon or whereby a greater sum is taken, secured or agreed to be paid. (1 R. S., 772, Laws of 1837, chap. 430.) These laws reach indirect as well as direct agreements to obtain more than seven per cent for the loan or forbearance of money. In the administration of these laws, courts look not so much to the forms which alleged usurious agreements may take as to their substance and effect, and the intention of the parties to them. No covering which may be put upon them will be allowed to conceal their real features from the searching eye of a court of justice. (*Crippen* v. *Hermance,* 9 Paige 211 ; *Fitzsimmons* v. *Beam,* 44 Penn. St., 32.)

The facts of this case, as the proof tended very strongly to show, are substantially as follows : The defendant and Hungerford were about to sell the mortgaged premises under their decree of foreclosure. The plaintiffs wanted time to pay and applied to them to give it to them. Whereupon, it was agreed that the defendant and Hungerford should take up a prior mortgage and then let the plaintiffs have time to pay, in five annual payments, the amount of such prior mortgage and the decree and costs ; and for this forbearance they were to have $1,000 besides the lawful interest ; to secure the defendant and Hungerford, the plaintiffs were to permit them to bid off the premises at the sale

under the decree, and then they were to convey the premises to Mrs. Birdsall, and she and her husband were to give them a bond, and mortgage upon the same premises for the payment of the whole sum due, including costs and the $1,000, and the bond and mortgage were given.

The plaintiffs owed the defendant and Hungerford, including the amount of the prior mortgage, the decree and costs, $4,312.81, and to induce them to forbear payment for the time named, agreed to pay them $1,000 besides the lawful interest, and to secure the payment, gave the bond and mortgage in question for the whole amount, including the $1,000. Such is the result and effect of the entire transaction; and within any authority to which my attention has been called, the securities are tainted with usury.

There was some evidence tending to show that one of the inducements to the plaintiff to make the agreement to pay the $1,000 was the consideration that, by the sale under the decree, and the conveyance to Mrs. Birdsall, the husband's life estate was cut off and the lien of judgments upon such life estate was thus destroyed. But this does not appear to have been the principal, much less the exclusive, inducement. It does not appear how much of the $1,000 was for this consideration. It is sufficient to sustain the allegation of usury, that a portion of it was for the forbearance. The main consideration was the forbearance, and the other benefits which the plaintiffs were to get from the agreement were merely incidental.

It is claimed on the part of the defendant that the plaintiffs cannot maintain this action without showing that they paid or offered to pay the amount actually due him, for the reason that they are not "borrowers" within the meaning of section 4 of the usury act of 1837. This objection does not appear to have been taken before. Although there was no allegation in the complaint of such payment or offer to pay, the objection that it was necessary was not taken in the answer or upon the trial.

After the trial of the issues before the jury, the cause came

on regularly for trial at the Special Term, and the judge found the facts and law in favor of the plaintiffs, and ordered judgment according to the prayer of the complaint. To these findings of the judge there was no exception. Unless this objection had been raised during the trial in some form, the defendant should have raised it by exception to the findings of the court. He claims that he could not thus except, and that the practice did not require him to. In this he is clearly mistaken. After the trial of the issues ordered to be tried by a jury in such a case, the cause is required to be brought to trial or hearing regularly at the Special Term. Then, if proof is necessary to establish facts not admitted in the pleadings or found by the jury, such proof must be given. If such proof is unnecessary, then, upon the facts admitted and found, the court, using the findings of the jury for the information of its conscience, finds the facts and decides the law substantially as it would if all the issues had been regularly tried before it, and exceptions may be taken just as if none of the issues had been tried before the jury, but the whole case had been tried before the court without the intervention of a jury. Hence, the defendant is not here in a condition to avail himself of this objection which his counsel has urged upon our attention.

I have given careful consideration to the charge and refusals to charge of the judge who presided at the trial of the issues of fact, and am of the opinion that there are no errors of which the defendant can justly complain.

Having thus carefully examined all the questions discussed before us which I deem important, I reach the conclusion that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.

# CASES

DECIDED IN THE

# COMMISSION OF APPEALS

OF THE

# STATE OF NEW YORK,