By the Court.*—Sheldon, J.
Before the act of April, 1838 (Laws of 1838, p. 244, ch. 258), regulating trial by jury and the taking of testimony in chancery, —the court of chancery was not authorized to grant an issue, except in a few specified cases, until after the testimony was taken before examiners or commissioners in the cause; And it was not the practice of the court to grant an issue in ordinary cases unless there was conflicting evidence, so as to create a doubt in the mind of the chancellor upon some matter of fact. The act of 1838 made it the duty of the court .to award an issue upon the application of either party, in every case in which an issue of fact suitable for trial by a jury could be found; and there was no discretion given to the court to refuse the order. The provisions of this act were found' to be so defective, and so subversive of the equity powers of the chancellor, and so incompatible with the proper administration of equity jurisprudence that the act was repealed by the act of May 2, 1839 {Laws of 1839,' p. 292, ch. 317), which at the same time allowed the chancellor to prescribe the manner of proceeding, both as to awarding, and trying such issue as he might deem proper to have submitted to a jury.
*140 The object of this amendatory act was to preserve the principle of the act of the previous year allowing the court to award issues before testimony taken if it was thought proper, and to repeal all that was made compulsory upon the court by the obnoxious act. It was left discretionary in the chancellor, where an issue which was suitable to be tried by a jury could be framed, either to award such issue before the testimony in the cause was taken, or to direct the testimony to be taken in open court at the hearing, contrary to what was the usual practice of the court previous to the act of 1838, or to direct it to be taken before examiners or commissioners, according to the practice before that time. Under this act, rule 69 of the court of chancery was changed, prescribing the manner of settling and trying issues, but leaving the awarding of them discretionary in the court. Such was the law and the practice until the new organization of the court and the adoption of the Code of Procedure (New Orleans Gas Light & Banking Co. v. Dudley, 8 Paige, 452; Snell v. Loucks, 12 Barb., 385).
Where no order had been made before the hearing, it was still competent for the court, upon the trial, to award an issue for the determination of any question arising upon the evidence.
The practice is substantially the same under the Code. The right of trial by jury in all actions, such as may be designated as common law actions, is preserved ; and they are, by the provisions of section 253, to be tried, as theretofore, by a jury. But every other issue is triable by the court, as provided by section 254; and this section certainly governs the mode of trial of all actions of an equitable nature, such as the one developed by the pleadings in this action. The section, in addition, declares that the court may order the whole issue, or any specific question of fact involved therein, to be tried by a jury. In all this class of cases, *141 the mode of trial is a question addressed to the discretion of the court.
Rule 40 of the court (Rule 40 of 1870, same as Rule 33 of 1858), has not assumed to enlarge or restrict the discretionary power of the court in the matter, but only to prescribe the mode of proceeding by which an application may be made to the court, before the hearing, that an issue may be awarded.* The matter was considered by Mr. Justice Harris in Church v. Freeman, 16 How. Pr., 294; and he says: “It does not lie with the parties as it seems sometimes to have been supposed, to determine whether the issue or a specific question of fact should be tried by a jury. It is true, that either party, if he desires a trial by jury, may within ten days after the cause is in readiness for trial, give notice of an application for that purpose. Upon the hearing of the application, the court may or may not direct that the issue in the action be tried by a jury. This will depend very much upon the probable course of the trial, and the nature of the questions to be decided. But if the application for a trial by jury be denied, or if no application be made, the court still has the power at the trial to order the whole issue or any specific question of fact involved therein to be tried by a jury. Issues of fact in common law actions must be tried by a jury, unless the parties choose to waive that right. But it is for the court to say in other cases whether an issue of fact shall be tried by a jury or by the court without a jury.”
The practice is too well settled to require further examination ; but it may be well to consider the reasons for the rule which, ever since equity law and practice *142 have existed and have been administered (with the exception of the period when the statute of 1838 was in force), has left the question of the propriety of awarding issues, in any case, to the sound discretion of the court.
Under our present system, in place of one chancellor for the State, we have a large number of judicial officers who are each invested with the same powers, prerogatives and functions as the chancellor under the former system. Those powers and prerogatives are as well defined, now as ever ; nothing having been added to them, and in nothing have they been diminished; and the court proceeds to administer equity between the suitors, guided by the same rules, and aided by the same machinery of practice. Were this not so, the whole system of equity, jurisprudence and the manner of administering it, might be considered as swept out of existence. At the time of the adoption of the Code, it was asserted by many that all distinctions between actions at law and suits in equity were abolished, and some who have come into the profession at a later day, without the benefit of being instructed in those distinctions, have been-unwilling to look back and endeavor to understand them. But it has now been well settled, that the legislature could only affect the mere forms of action, and that no law could abolish or change the intrinsic difference between the varying natures of actions . themselves; and that the fundamental prerogative of the court of equity to use a discretionary power to adapt its judgments for relief to the particular circumstances of each case, remained unchanged (Rubens v. Joel, 13 N. Y. [3 Kern.], 488; Goulet v. Asseler, 22 N. Y. 225; Lattin v. McCarty, 41 Id., 107; Code, § 69).
It exists, the same prerogative jurisdiction of the Great Seal, for giving effect to certain civil right's *143 technically called Equities, where the ordinary process of law is inadequate' (Adams Eq., Introduction).
The jurisdiction of the court was always alleged in the bill, after the charging part, with these expressive words: “In tender consideration whereof, and forasmuch as your orator is remediless in the premises at and by the strict'rules of the common law, and is only relievable in a court of equity, where matters of this nature are properly cognizable and relievable.” And thus, the court proceeded to administer equity between the parties, according to its conscience, arriving at the facts either by its own examination of the testimony or, in its discretion, by the aid of the jury of the law courts, or by a combination of both methods.
The judicial officer before whom the motion was made in this case, heard and decided it as a chancellor. By the complaint, it appeared that the relief sought for could only be granted by the courts, the common law affording no relief in the premises. Although the answer denied the substantial allegations of fraud upon which the prayer for relief was founded, yet it appeared to the court, that in order to arrive at a correct judgment, it must itself examine the testimony and apply the usual tests to the credibility of the witnesses. It did not appear then, that upon the trial, any disputed question of fact would be so doubtful that it would be proper to invoke the decision of a jury; and unless it was eminently proper so to do, the court would not fulfill the purpose for which it was organized, if it left to another tribunal the decision of questions which it should itself consider. Otherwise, there would be no safety for suitors who resorted to the tribunals of ju tice, and their highest interests might be imperiled by a proceeding, vital in its importance, before a jury, when they could rely with reasonable faith upon the arbitrament of an enlightened and intelligent court, hearing and deciding according to the *144 dictates of natural conscience, and the well settled principles of equity jurisprudence. The court, being possessed of the case, must itself see that the right is successful and that truth is vindicated, and it acts unwisely and unjustly if it delegates any of its powers or omits to perform its duties. Its decrees are supposed tó be the result of judgment and human experience, and arrived at only after careful and tender consideration of all the rights involved ; and they cannot be considered as such, or be entitled to the respect and confidence of the public, unless these elements combine to command authority.
Such are some of the reasons for the rule adverted to, and which I must assume influenced the learned judge from whose order the appeal was taken. That he was correct in his decision and judgment, is evident, not only from an examination of the pleadings, but from the adjudged cases of a similar character (16 How. Pr., 294, supra; Draper v. Day, 11 Id., 439).
The granting or refusing the order being discretionary, an appeal does not lie to this court (Wood v. Mayor, 4 Abb. Pr. N. S., 152, where the authorities are collected. See also Colie v. Tifft, Albany Law Journal, January 20, 1872, p. 44).
The order appealed from should be affirmed, with costs.
Order accordingly.

 Present, Verplanck, Ch. J., and Clinton and Sheldon, JJ.

 The language of the rule is that in the class of cases referred to, “ if either party shall desire a trial hy jury, such party shall, within ten days after issue joined, give notice of a special motion to he made upon the pleadings, that the whole issue, or any specific question of facts involved therein, he tried by jury,” &c., &c.