## NEW YORK SUPERIOR COURT.

FRANCES B. HEGEMAN agt. MARY A. CANTRELL *et al.*

*Settlement of proposed case.*

Where the defendant's right to make a case on which to obtain a review of the trial of the special issues tried by a jury, has expired, according to rule 40 the defendant must be deemed to have acquiesced in the verdict, and the same cannot be questioned any more.

Under such circumstances it would be a waste of time to consider and settle the case for such review.

Where, after such trial, the cause was finally heard as an equity cause, at special term, and judgment given, from which defendant took an appeal — this appeal the defendant could review on making a case for that purpose.

*Special Term, December*, 1875.

ON settlement of proposed case.

*A. H. Wagner*, of counsel for plaintiff.

*H. H. Morange*, for defendant.

FREEDMAN, *J.* — This action was brought in equity for the foreclosure of a mortgage executed by the defendant to the plaintiff. The defendant interposed the defense of usury, and on her motion issues relating to such defense were framed and directed to be tried by the jury.

From the affidavit of the plaintiff's attorney, which was not controverted by the defendant the following facts appear:

The trial of the issues took place at the March trial term, and the verdict was rendered March 18th, 1875.

Hegeman agt. Cantrell.

Defendant's time to make and serve a case to review that trial on a case, expired on the 28th of March, 1875.

A motion to set aside the verdict and for a new trial of the issues was made on an affidavit, and was argued and denied by the special term of this court, April 7, 1875. The case was finally heard and tried by the special term of this court as an equity cause, and judgment was given on or about April 8, 1875.

An appeal from the judgment thus entered and from the order denying motion for a new trial was served April 22, 1875. On the last named day defendant's attorney obtained, ex parte, and served an order giving defendant twenty days to make a case; and on the twelfth of May he obtained ten days' further time for that purpose.

On the 21st of May, 1875, defendant's attorney served a proposed case, containing no reference whatever to the proceedings on the former trial, but referring solely to the trial of the special issues. This case, which is quite voluminous, I am now asked to settle.

I am of the opinion that the defendant is too late.

When special issues of fact have been settled in an equitable action, and ordered to be tried by a jury, they are brought to trial, it is true, upon due notice, in the same manner as issues of fact in a common-law action; and the trial is conducted in the same general manner as other jury trials, except that the verdict is so rendered as to answer fully and distinctly all the questions proposed in the issues. But the findings of the jury upon such special issues of fact are merely for the information of the court on the final trial at special term. The trial of the issues is not the trial of the action (*Wood* agt. *The Mayor, &c., of N. Y.*, 4 *Abb.* [*N. S.*], 152, 157; *Clark* agt. *Brooks*, 2 *Abb.* [*N. S.*], 385, 406, 407; *Lansing* agt. *Russell*, 2 *N. Y.*, 563; *Candee* agt. *Lord*, 2 *N. Y.*, 269; *Birdsall* agt. *Patterson*, 51 *N. Y.*, 43; *Hatch* agt. *Peugnet*, 64 *Barb.*, 189).

The facts specially found by the jury must be adopted by

the court before they can constitute the basis of a judgment (*Vermilyea* agt. *Palmer*, 52 *N. Y.*, 471); and the court, on the final hearing, is not precluded from rejecting the verdict and ordering a new trial, or from finding the question of fact for itself (*Brown* agt. *Clifford*, 7 *Lans.*, 46).

Either party, therefore, feeling aggrieved by the determination of such special issues, and desiring to apply for a new trial, on the ground of any error of the judge, or on the ground that the verdict is against evidence (except when the judge directs such motion to be made upon his minutes at the same term or court at which the issues are tried), may make such motion subsequently. But the motion must be founded on a case or exceptions, or a case containing exceptions, as the case may require; and the case or exceptions must be served and settled in the manner prescribed by the rules of court for the settlement of cases and exceptions in other cases (*General Rule* 40). The same rule further provides:

"Such motions shall be made in the first instance at special term, and if neither party moves for a new trial in such case they shall be deemed to have acquiesced in the decision of the judge * * * and the verdict of the jury; * * * and the same shall not be questioned upon the final hearing of the cause, or in any subsequent proceeding therein.

This rule has been in existence since 1858; it was adopted to supply a defect in the former practice, in consequence of which the Saratoga general term of the supreme court had, in 1852, come to the conclusion to entertain the motion for a new trial on a case at general term (*Snell* agt. *Loucks*, 12 *Barb.*, 385).

Defendants' right to make a case on which to obtain a review of the trial of the special issues expired, therefore, on the 28th of March, 1875 (*Rules* 41 *and* 42), and according to Rule 40, the defendant must be deemed to have acquiesced in the verdict, and the same cannot be questioned any more.

Hegeman agt. Cantrell.

Under these circumstances it would be a waste of time to consider and settle the case in the form proposed.

But the defendant still has the right to prosecute her appeal from the judgment and from the order denying her motion upon affidavit for a new trial.

The appeal from the order will be heard on the papers read upon the motion. They need not be incorporated in a case.

On the appeal from the judgment the defendant may have a review of the proceedings on the final hearing, provided she makes a case for that purpose. The amendment proposed by the plaintiff contains not only a fair and true report of such proceedings, but all which the defendant is entitled to have set forth in the case which she is at liberty to make.

The most, therefore, that I can do is to settle the case in accordance with the amendment proposed by the plaintiff, and it is hereby settled accordingly.