## STURTEVANT *v.* STURTEVANT.

The grantor in an absolute conveyance of land, not alleging fraud or mistake, cannot prove by parol that the grant was in trust for himself.

So *held* where the plaintiff sought to recover the purchase money of land sold by the defendant, as money had and received to his use, and to prove by parol that a previous absolute conveyance of the land by the plaintiff to the defendant was in fact in trust for the grantor.

*Hodges* v. *Tennessee Insurance Company* (4 *Seld.*, 416) considered, and the case of trust distinguished from that of mortgage.

APPEAL from the Supreme Court. Action for money had and received. A bill of particulars showed that the money claimed was the proceeds of the sale of land conveyed in fee simple absolute by the plaintiff to the defendant in 1833. The trial was before a referee, who received parol evidence, under exception by the defendant, showing that the defendant had at various times admitted that he held the title for the plaintiff's benefit, and was willing to reconvey it upon receiving the amount of certain advances which he had made for the plaintiff, or to convey it to parties bargaining with the plaintiff for its purchase, if the plaintiff should so direct, and he should receive payment of the sum due him from the plaintiff. The latter continued in possession of the land until its sale by the defendant. The referee found that the defendant held the relation of trustee in respect to the land, and having sold it was bound to account for the avails. He directed judgment for the plaintiff, which having been affirmed at general term in the eighth district, the defendant appealed to this court. The cause was submitted on printed arguments.

*L. W. Thayer*, for the defendant.

*Hastings & Bingham*, for the respondent.

JOHNSON, Ch. J. The ground on which this case was disposed of at the trial, was that the evidence established that the defendant was trustee of the land to which the controversy relates, and was liable to account for the proceeds arising from its sale. It is in proof that a conveyance, absolute on its face, was made by the plaintiff to the defendant, and that at the same time the defendant gave the plaintiff his six promissory notes for $223.96 each, payable in one, two, three, four, five and six years. The plaintiff seeks by parol, in the face of these papers, and without any allegation of fraud or mistake, to establish that this conveyance was in trust for his benefit. No parol trust of lands can be allowed without overthrowing the wholesome provisions of the statute of frauds. Even when the conveyance comes from a third party, a trust for the benefit of one who has paid the purchase money is not allowed to exist if he has assented to the conveyance being made in that form. In the case of an absolute conveyance intended as a mortgage we have held, following what we deemed the course of decision and the practice of the profession, that the mortgage might be made out by parol. (*Hodges* v. *Tennessee Ins. Co.*, 4 *Seld.*, 416.) But that case affords no ground for saying, that a parol trust can be upheld. There is in this case some evidence tending to show that the defendant was apparently willing to give up the land at one time, on being paid what the plaintiff then owed him: in other words, that he was then willing to recognize and carry out the trust. But there is nothing to show that the deed was intended at its execution as a mortgage. The judgment cannot be supported without completely upsetting the law in respect to the evidence to establish trusts of land, and introducing all the uncertainty and liability to fraud which the statute was intended to guard against.

The judgment should be reversed, and a new trial ordered.

All the judges concurring,

Judgment reversed, and new trial ordered