IMOGENE O. BROWN, Respondent, *v.* JOHN C. CLIFFORD, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.

Questions of law decided on appeal from a verdict rendered on a feigned issue, are *res judicata* in the action.

It is competent in equity to prove by parol that a deed, absolute on its face, was intended as a security for a loan, and without regard to the question whether it was given through fraud or mistake.

On the trial of a feigned issue to determine if an absolute deed was intended as a mortgage, the rules in equity govern the admission of evidence.

Supreme Court Rule 40, which provides that neither party, where a feigned issue has been tried, shall question the rulings at the final hearing or subsequently, unless he has moved for a new trial, does not preclude the court, when the case is brought on for final hearing, from rejecting the verdict and ordering a new trial *ex mero motu*, or from deciding the question of fact for itself.

And the court may, likewise, accept the verdict upon the facts found.

Whether a deed absolute was intended as a mortgage is a mixed question of law and fact.

Where, in an action alleging that by agreement at the execution and delivery of an absolute deed it was taken as mere security, a feigned issue, presenting the question whether the deed was made and executed as security, was tried, and the jury found affirmatively. *Held*, that the finding was substantially that the agreement averred in the complaint had been made.

THIS was an appeal from a judgment entered on confirmation of a referee's report.

The plaintiff in his complaint alleges that in November, 1864, William O. Brown, Jr., was the owner in fee of the lot

of land in Cook county, in the State of Illinois, described in the complaint, subject to a lien by way of mortgage to one Elias Greenbourn, for the sum of $2,500.

Previous to the 25th November, 1864, the defendant, who was a brother-in-law of said W. O. B., Jr., had loaned to the latter divers sums of money, amounting to about $900.

On the last-mentioned day, it was agreed between said Brown and the defendant that he (defendant) should loan to B. enough in addition to that already loaned to amount to the sum of about $1,000, and that he would pay to Greenbourn the $2,500 due to him, and the taxes and assessments on said land, and he, said B., would and did execute a deed conveying to defendant his (B.'s) interest in the lands as security for the repayment of said moneys, and for no other purpose. Defendant paid in pursuance of said agreement not exceeding the sum of $6,500, for the security of which he holds the said land.

No time was agreed on when said B. should repay said moneys, but he was at liberty to pay the same at any time, with interest, and upon the payment thereof he (defendant) agreed to reconvey said premises free and clear of all encumbrances.

That although said deed was in form an absolute conveyance in fee, it was in fact a mortgage for the security of the moneys advanced by defendant.

The defendant, since he received the conveyance from said Brown, has sold and received for the said land $38,041.33, and conveyed the same in fee, thus putting it out of his power to reconvey said lands to said B. or his grantees. At the time of said sale, B.'s interest in said lands was worth the said sum of $38,041.33, and he never consented to such sale.

That said Brown and the plaintiff, as assignee, are ready and willing and offer to repay said moneys so loaned and advanced by said defendant.

That said Brown assigned his cause of action against said defendant to one Towner, before suit brought, and Towner before suit, assigned the same to the plaintiff.

The defendant is by reason of the premises indebted to the plaintiff in the sum of $31,541.33, the payment of which she has demanded, but which defendant has refused to pay, and that she has called on him to account concerning the several matters aforesaid, which he has refused to do.

The plaintiff prays that an accounting may be directed and that she may have judgment for such balance as may be found due to her, and for such other or further relief as may be just.

The defendant in his answer denies that said property was conveyed to him by way of mortgage, but, on the contrary, he alleges it was conveyed to him absolutely and in fee, without any condition whatever.

After issue was thus joined, the following issue was framed to be submitted to a jury, viz.: .

Was the instrument dated November 28, 1864, and recorded December 1st, 1864, in book 287, page 540, Cook county, Illinois, mentioned and described in the complaint in this action, made, executed and delivered by said William O. Brown, Jr., to said John C. Clifford as a security for the payment of money by said W. O. Brown, Jr., to John C. Clifford ?

This issue was tried before a jury at a Circuit Court, held in and for the county of Erie.

On the trial, William O. Brown, Jr., was examined as a witness, and testified that the conveyance to defendant was executed under an agreement that he should hold said land as security for moneys advanced to or for him, and that he (B.) should have the right to redeem the same at any time, on repaying the moneys advanced and interest thereon.

Frederick Brown, a brother of William, was also called and examined as a witness on behalf of the plaintiff, and testified that he was at defendant's on one occasion, and was called into the library where defendant and W. O. B. were, and the defendant then told him that he had taken a conveyance of the land as security for a debt, and would reconvey on payment of the moneys so advanced.

The defendant and his wife were examined on the part and

behalf of the defendant, and they testified, in substance, that the conveyance to defendant was not by way of mortgage, but absolutely in fee, in payment of moneys due and owing from said B. to the defendant.

The jury rendered a verdict, in and by which they found the issue so submitted to them in the affirmative. A motion was afterward made at a Special Term for a new trial on a case containing exceptions, and the said motion was denied. From that order an appeal was taken to the General Term.

The defendant also moved for a new trial on the ground of newly discovered evidence, which motion was denied, and from the order denying it the defendant appeals to the General Term. The order refusing a new trial was affirmed by this court at the September General Term, 1871. In April, 1871, the cause was tried at the Special Term, held by Mr. Justice DANIELS.

On the trial the plaintiff put in evidence the verdict of the jury upon the question submitted to them, also the assignment from W. O. Brown, Jr., to Towner, and from Towner to the plaintiff.

The plaintiff then rested, and the defendant's counsel then insisted that, in order to entitle the plaintiff to recover in this action, she must prove the express agreement set up in the complaint.

That the verdict does not prove or tend to prove such agreement.

That the verdict merely determined a question of law, which it was the duty of the court to decide, and not that of the jury.

That the issues made by the pleadings had not been tried or determined.

An order for an accounting could not be made until W. O. B., Jr., was made a party.

These objections were overruled, and the defendant's counsel excepted.

The court held that on the case made by the pleadings and proofs the plaintiff was entitled to recover.

The defendant's counsel then offered in evidence the case and exceptions, made to procure a new trial of the feigned issue, for the purpose of moving thereon for a new trial. They were received in evidence, but the court refused to entertain a motion for a new trial thereon, holding the verdict conclusive in the action, to which decision defendant's counsel excepted.

The defendant's counsel also offered to read the affidavits used on the motion for a new trial on the ground of newly discovered evidence, for the purpose of having that motion again heard.

The court allowed them to be read, but refused to permit the motion to be made, and to such decision the defendant's counsel excepted.

The court then found that the deed to defendant from Brown was given as security for the loan of money.

That before suit defendant sold the premises in question, and conveyed the same.

The court ordered judgment, that there be an accounting before a referee, and that the plaintiff was entitled to recover such balance as might be found due her on such accounting.

An accounting was had before the referee appointed pursuant to said judgment, who found due from defendant to plaintiff the sum of $32,694.90.

From the judgment entered after the confirmation of the report of the referee, the defendant appeals to this court.

*William H. Greene,* for the appellant.

*William H. Gurney,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. Before proceeding to examine the questions arising on the appeal, it is necessary to ascertain what

questions have already been decided in order that we may know what questions the appellant's counsel is at liberty to call upon us to consider.

After the trial of the feigned issue the case shows that a motion was made at Special Term for a new trial of said issue. That motion was denied, and on appeal to this court the order denying the motion was affirmed.

The exceptions taken on the trial presented the question whether parol evidence that the deed from Brown to the defendant was given as security on a loan of money was admissible, that question was discussed at great length by the appellant's counsel and this court affirmed the order.

That question as well as the regularity of the practice in framing and trying that issue must be treated as *res judicata* in this court.

But if the question was properly before us the decision of the judge at the circuit must be affirmed.

Whatever the rule of evidence may be in a court of law, in equity it is definitively determined by the court of last resort in several cases that it is competent to prove by parol that a deed, absolute upon its face, was intended to be a security merely, and it was not necessary to prove, in order to render such evidence admissible, that this deed was given through fraud or mistake. (*Hodges* v. *Tennessee Marine and Fire Ins. Company*, 4 Seld., 416; *Despard* v. *Walbridge*, 15 N. Y., 374–379; *Vandusen* v. *Worrell*, 3 Keyes, 311; *Loveridge* v. *Oyer*, cited by HUNT, J.; *Sturtevant* v. *Sturtevant*, 20 N. Y., 39; *Mulford* v. *Muller*, 1 Keyes, 31; *Tibbs* v. *Morris*, 44 Barb., 138.)

The cases on this point will be found collected in 2 Abb. Dig., 677, §§ 935, 936, 937 and 938.

I have said that parol evidence was admissible, although no fraud or mistake in making the deed was alleged or proved, and I say this, because in nearly all of the cases cited, and in numerous others upon the same point, no fraud or mistake was either alleged or proved, nor was any suggestion made that any such allegation or proof was necessary to justify the

court in admitting the parol evidence. Chancellor KENT, in *Story* v. *Stewart*, 4 J. C. R., says it was fraudulent for the grantee, in deed shown to be a mortgage, to insist that it was an absolute conveyance.

It cannot be doubted but that equity would reform a deed which was in terms absolute, but which was intended by the parties to be a mere mortgage, and was put in the form of an absolute conveyance by mutual mistake, or by the fraud of the grantee.

I am not certain whether the appellant's counsel intends in his points to insist that because the feigned issue was tried in a court of law the rules of evidence applied in those courts should have been applied in determining the admissibility of the parol evidence.

If he does, I apprehend he is mistaken. It would be grossly unjust, under pretence of trying a question of facts by a jury in an equitable action, to deprive the party of the right of having his rights determined according to the principles of equity which are administered in the court in which his action was brought.

In all cases in which the question whether a deed was intended as security, the feigned issue must be found against the party alleging it to be a mortgage, if it be true, as it is claimed, that at law parol evidence cannot be received to convert a deed into a mortgage. When the verdict was produced in the court of equity, obtained under such evidence, the court would be bound to disregard it, or do the party insisting that the deed is a mortgage a grievous wrong.

Where the courts of law and equity were composed of judges whose duties were confined to the courts for which they were appointed, a motion for a new trial of a feigned issue could only be made to the court by which the trial was ordered. (1 Barb. Ch. Pr., 455, and cases cited.)

If a new trial is not ordered, the court, as a general rule, accepts the verdict as conclusive on the question of fact, but it is not bound to do so. The trial is to satisfy the conscience of the court as to a fact in regard to which the parties differ,

and unless the finding of the jury does satisfy its conscience, it may disregard the finding and decide the question of fact for itself. (Adams' Equity, 376; note [1], 377, and cases cited.)

Rule forty of this court, which provides that neither party in a case on which trial of a feigned issue has been had shall be allowed to question the rulings on the trial at the final hearing or subsequently unless he has moved at Special Term for a new trial, does not preclude the court when the cause is brought on for final hearing from rejecting the verdict and ordering a new trial, on its own motion, or from deciding the question of fact for itself.

If it may not do this, the whole object of framing and trying an issue fails. If the finding is conclusive, the court would never be safe in ordering the trial of such an issue.

I am, therefore, of the opinion it was competent for the defendant at the trial of the issues to call on the court to reject the finding of the jury on the feigned issue and order a new trial, or to require the plaintiff to establish *de novo* the facts charged in the complaint.

It was equally competent for the court to refuse the application and to accept the verdict as a proper disposition of the question of fact, as was done.

The appellant's counsel insists that the court should not have accepted the finding on the feigned issue as decisive of the question of fact, because the question submitted to the jury was one of law and not of fact.

Whether a deed which, on its face, conveys the premises covered by it in fee is and was intended to be a mortgage, is a mixed question of fact and law. It is a mortgage only when it was the understanding and agreement of the parties that it should be a mortgage.

The question presented in the feigned issue is, whether the deed given by Brown to defendant was executed and delivered as security for the payment of money.

It would have been more in conformity to the practice if the question submitted had been whether the agreement set

out in the complaint had been made.    But the question submitted is substantially the same; a finding of either in the affirmative establishes the character of the deed.

But, again, the appellant's counsel was doubtless heard as to the form of the question, and acquiesced in the one adopted. At all events it does not appear that he has at any time objected to it, and he cannot now be heard to allege it was improper in form, unless it is so clearly so as to make it proper for the court to reject the verdict on that ground.

I have no doubt but that it was understood, when the issue was framed, that it presented the question whether, by the agreement of the parties, the deed was to be a mortgage.    It may be thus understood ; and, thus understood, it was sufficient in form and the verdict decisive of the question.

It is altogether too narrow a view of the question to say that the question submitted to the jury does not embrace the facts set up in the complaint.    If an agreement between Brown and defendant that the latter should advance moneys in addition to what he had already advanced to and for said Brown, and that Brown should execute and deliver a deed of said land as security for the payment thereof, when proved, converts the deed into a mortgage, surely, the finding that the deed was executed and delivered to defendant as security for money loaned must have the same effect on the deed.

We must, at this stage of the cause, deal with substance rather than form.    The judgment should be affirmed with costs.

Judgment affirmed.