# R. HALSTED WARD, Respondent, v. NATHAN B. WARREN, STEPHEN E. WARREN and GEORGE HENRY WARREN, Appellants.

*Verdict on specific questions, submitted in an equity case — a new trial must be moved for — Easement — acquisition of, by prescription.*

Where, in an equity case, specific questions of fact have been submitted to the jury, under the direction of the court, and no motion for a new trial has been made upon the judge's minutes, or at Special Term upon a case and exceptions, a party appealing from the judgment will be deemed to have acquiesced in the verdict, and the questions of fact involved therein cannot be reviewed on appeal.

What facts are sufficient to notify the owner of a lot, over which an easement is alleged to have been acquired by prescription, of the claim of the person acquiring the same thereto, considered.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action at Special Term. The action was brought to restrain defendants from interfering with the plaintiff's enjoyment of a right to use an alley between his house and one belonging to defendants.

The justice before whom the action was tried, found among other things : That the plaintiff owned and had occupied for ten years last past certain premises in the city of Troy, New York, described in the complaint herein as the south half of lot No. 327, situated on the west side of Fourth street, between Broadway and Fulton streets, in said city. That for forty-eight years plaintiff

and his grantors had used and enjoyed, in connection with said premises, a right of way on and over a certain strip of land or alley-way on the lot adjoining, belonging to defendants. That said way extended from the west side of Fourth street to a point beyond the rear of plaintiff's dwelling-house, and had a gate on Fourth street, also a gate on the north side of said alley-way leading into plaintiff's premises, which said gates had been maintained by the plaintiff and his grantors during the whole of said period ; that the gate on Fourth street had, during the whole of said period, been kept locked at night, and the key had always been under the control and in the possession of the plaintiff and his grantors. That there was not at the time of the trial, and never had been during that period, any opening or entrance from or through said alley-way to defendants' premises ; that said alley-way or strip was a part of the lot or premises of the defendants which adjoins plaintiff's premises on the south ; that the use of the said way by the said plaintiff and his grantors during the whole of said period had been adverse, under a claim of right, exclusive, continuous, uninterrupted, open and notorious, with the knowledge and acquiescence of the defendants and their grantors, owners of the estate out of, over, and in which said right of way existed. That said use by the plaintiff and his grantors commenced prior to the purchase or occupation of the defendants' premises by Nathan Warren, deceased, or his tenants. That there had not been, since said purchase, uninterrupted occupation of defendants' premises by tenants; that the same had been occupied by a great number of different tenants for short periods of time, and were occasionally without occupants; that said defendants and their grantors were not in law disabled during said period from resisting the claim of the plaintiff and his grantors to said right of way. That the defendants, at the time this action was brought, threatened to make excavations and construct, and have since made excavations and constructed, a building, with solid foundations, across said alley-way or strip, and have thereby wrongfully and wholly obstructed and closed said way so that the plaintiff is prevented from passing thereon to and from his premises, and enjoying the said way as he had been accustomed to and might rightfully do.

The jury, to whom specific questions were submitted, found that

the plaintiff and his grantors had been in the exclusive possession and occupancy of the alley for forty-eight years, and that the defendants and their grantors had known of such occupancy and possession.

*Esek Cowen*, for the appellants. It was necessary for the plaintiff to prove that his use of the right of way was with the knowledge and acquiescence of all three of the defendants, who were tenants in common of the estate over which this right was asserted. (Washburn on Easements [3d ed.], 40; *Portmore* v. *Bunn*, 3 Dow. & Ry., 145; *Crippen* v. *Morss*, 49 N. Y., 63; *Marshall* v. *Trumbull*, 28 Conn., 183; *McGregor* v. *Wait*, 10 Gray, 72.) That the use of the easement must be with the knowledge and acquiescence of the owners of the servient estate, in order to be adverse, is too well settled to admit of dispute. (Washburn on Easements [3d ed.], 160; 2 Washburn on Real Prop., 300; *Blake* v. *Everett*, 1 Allen, 368; *Carbrey* v. *Willis*, 7 id., 368; *Hannefin* v. *Blake*, 102 Mass., 297; *Parker* v. *Foote*, 19 Wend., 309; *Calvin* v. *Burnett*, 17 id., 568; *Cleaveland* v. *Ware*, 97 Mass., 409.) The plaintiff and his grantors could not acquire an easement in this land by prescription, because, during all the time of their occupation, the servient estate was occupied by tenants and was not in the possession of the defendants, so that they could protect themselves from this use by an action of trespass. (Washburn on Easements [3d ed.], 163; *Baker* v. *Richardson*, 4 Barn. & Ald., 609; *Baxter* v. *Taylor*, 4 Barne. & Ad., 72; *Pearsall* v. *Post*, 20 Wend., 113; *McGregor* v. *Wait*, 10 Gray, 72.)

*James Lansing*, for the respondent. Actual knowledge upon the part of the defendants and their grantors of the user is not necessary; it is sufficient if, by ordinary observation, they might have known the user. (*Poignard* v. *Smith*, 6 Pick., 178; 2 Greenl. on Ev., § 430; *Townsend* v. *Bisell*, 4 Hun, 297.) The defendants, Stephen E. and George H. Warren, having for more than thirty years acted as agents for their co-tenant, Nathan B. Warren, in the management of said premises, knowledge acquired in the transaction of the business as such agents is the knowledge of their principal. (*Ingalls* v. *Morgan*, 10 N. Y., 178; *Bank of the U. S.* v. *Davis*, 2 Hill, 471; Dart on Vendors, 184.)

BOCKES, J. :

This being an equity case, and specific questions of fact having been submitted to the jury, under the order or direction of the court, as a substitute for feigned issues, and no motion for a new trial having been made on the judge's minutes or otherwise, it is insisted on the part of the respondent that the defendants must be deemed to have acquiesced in the verdict of the jury. This question of practice seems to be settled in favor of the respondent. (Rule 33, 1858 ; Rule 40, 1874 ; Rule 31, 1878 ; *Brown* v. *Clifford*, 7 Lans., 46 ; *Hatch* v. *Peugnet*, 64 Barb., 189 ; *Hegeman* v. *Cantrell*, 1 W. D., 450.) In the last case cited, the judge, in delivering the opinion of the court, remarked that without such motion either on the minutes of the judge or at Special Term, the party " must be deemed to have acquiesced in the verdict, and the same cannot be questioned any more." The verdict might or might not have been adopted by the judge when giving final judgment, as he was not precluded in that regard by previous action on a motion for a new trial on the questions of fact submitted to the jury. But in this case he adopted the verdict in his findings, and it stands unchallenged, except as it is now assailed on the appeal from the judgment. The practice does not appear to have been very clearly defined in cases like this in hand; but it seems that in case a motion be made on the minutes of the judge, at the trial and denied, the case would be open for full examination on the evidence when considered on the appeal from final judgment ; and in the event of a motion for a new trial at Special Term on a case and exceptions, it should be made on a final hearing, in order that such motion might then be determined on the ordering of judgment. Here no motion has been made for a new trial on the minutes of the judge, nor at Special Term on a case and exceptions. Therefore, according to the rule of practice and the authorities above cited, the verdict cannot be now questioned on the appeal. The verdict of the jury is to the effect : (1) that the plaintiff and his predecessors in title have had the exclusive possession and occupancy of the alley in question for a period of forty-eight years ; (2) that such possession and occupancy were with the knowledge of the defendants and each of them ; (3) and that while the trustees and executors of Nathan Warren, senior,

had title, which was prior to the conveyance to the defendants in 1846, they also had notice of the adverse use. Let these facts, with such others as are found by the judge, be deemed to be established, and the judgment awarded in this case is well supported.

But we propose to examine the case on the merits, as it appears on the evidence submitted. Certainly there was evidence sufficient to make the case a proper one for the jury, on all the questions passed upon by them; and we are of the opinion that the evidence supports all the findings of the learned judge, considering the case *de novo* on the proof. It is made satisfactorily to appear that the plaintiff and his predecessors in title, have had the exclusive occupation and use of the alley for a period far exceeding twenty years prior to its disturbance by the defendants here complained of. This fact stands indisputably proved. Such use was open, notorious and continuous, and was known unquestionably, as we think, to the defendants and to their predecessors in title of their lot. Such possession and use having been exclusive, notorious and unchallenged for so great a length of time, raises a presumption of the grant of a right commensurable with the use. It is quite probable that the knowledge of the trustees and executors under Mr. Warren's will should not be taken into account; but this becomes of no importance here, where it appears that the defendants acquired title in fee in 1846. The adverse user would be effectual against their claim, if continued from that time with their acquiescence. It is not very seriously urged, nor can it be, as we think, that Stephen E. and George H. Warren were unaware of the use of the alley by the plaintiff and his grantors. But it is insisted that the evidence is quite insufficient to charge Nathan B. Warren with notice, for the reason chiefly, as it is urged, that he was blind, and had been under such infirmity for many years. A blind man may have knowledge of a use, like that claimed and enjoyed in this case; and the evidence is such that notice to Nathan, although blind, may be fairly inferred. He resided in the city, and had been familiar with the premises from his boyhood. When a boy, before he lost his power of sight, he had seen the doorway opening the passage through the alley, and had, in after years, conversed with his brothers, the other defendants, about the

property, and planned with them in regard to improvements on the lot, and in regard to taking down the old house and building a new one there. These facts, with the great length of time during which the alley had been exclusively and continuously used by the owners and occupants of the house on the north of it, authorized the conclusion that he had knowledge of such use. It can hardly be that even a blind man will remain indifferent to the condition and actual use of his property, so as not to gain knowledge in that regard, during a period exceeding twenty years, when situated in the city of his residence, and from which he derives advantages by way of income. We concur in the view expressed by the learned judge on the trial, that a man has no right to buy property, plan in regard to it, enjoy the use of it through rents derived from tenants under short leases, and shut his eyes to those facts and circumstances of its use by the adjoining proprietor, which, in the exercise of ordinary and reasonable care and attention, would give him notice thereof. We are of the opinion that the circumstances of the case well authorized the inference, if indeed it be not the necessary legal inference, that the plaintiff's use of the alley was known to Nathan B. Warren, and acquiesced in by him. On careful consideration of the case on the proof, we are satisfied with the conclusion reached on the trial, that all the defendants had knowledge of the adverse use insisted on by the plaintiff.

It is further urged by the appellants that the plaintiff and his grantors could not acquire an easement in this land by prescription, for the reason that, during all the time of their occupation, the servient estate was occupied by tenants, and was not in the possession of the defendants, so that they could protect themselves from this use by an action in trespass. In the first place, we do not understand that this alley was ever under lease, in point of fact, from the defendants. The tenants were tenants of the house (and yard probably), but they never had any occupation of or right to the alley, in so far as we can see. The alley was closed to the south lot. It was a passage-way into the north premises, and was neither occupied nor used in any other way than by the plaintiff and his grantors for the convenience of the north lot and premises. The defendants were, therefore, at all times in a situa-

tion to maintain either trespass or jectment, with a view to protect themselves from the plaintiff's adverse use. So they were able in law to assert and enforce their rights, and to resist any adverse claim to the alley if not well founded. But, secondly, the leases to the defendants' tenants were of short duration, from one to three years; and it is well found on the evidence that there has not been uninterrupted occupation of the defendants' premises by tenants; that the premises were occasionally without occupants. Therefore, as the court held and decided at Special Term, the defendants were not in law disabled from resisting the claim of the plaintiff and his grantors to the right of way.

Now, here was an open, notorious, and continuous occupation and use of the alley by the plaintiff and his grantors, for a period greatly exceeding twenty years before the defendants' disturbance of it. The occupation and use were, too, definite and exclusive. The plaintiff claims the use as an easement only, limited by the extent of his enjoyment of it as a passage-way to the rear of his lot. Doubtless the use which he claims, and seeks to have protected to him, must have been with the acquiescence of the defendants. Such is found to be the case, and, as we think, it is so well found on the proof. The judgment awarded in this case, therefore, seems well based, both on fact and law.

Judgment should be affirmed, with costs.

BOARDMAN, J., concurred.

LEARNED, P. J.:

I concur with the views expressed in the foregoing opinion, as to the evidence and the conclusions of law, and think the judgment fully justified by the evidence; and where an easement has been used for a time sufficient to establish a prescription therefor, peacefully without any interruption, not by force nor secretly, nor by permission, (Bracton iv, c. 37, fol. 220), I am not willing to admit that such prescription can be defeated by proof, that the owner did not, in fact, see the property.

Judgment affirmed, with costs.