Bockes, J.
This is an appeal from an order allowing certain proposed amendments to the case and exceptions made and served by the plaintiff, the effect of which was to strike therefrom the evidence given and the proceedings had on the trial before the jury of the questions submitted, as in the case of a trial of feigned issues under the former equity practice.
A brief review of the proceedings had in this case on bringing it to trial, and subsequently thereto, will show, I think, that the order made by the learned judge was erroneous.
The action was for the foreclosure of a real estate mortgage; but one of the defendants answered. His defense was (1) usury, and (2), in effect, partial payment. Issue being joined the defendant applied at special term for a settlement of issues to be tried by jury, and three questions were framed *48 and settled for trial. Those were (1), whether any usurious agreement was made between Thompson and Helmer, the mortgagor and mortgagee; (2), whether Thompson paid and Helmer received any bonus in pursuance of such usurious agreement, and (3), whether there was any agreement between Helmer (the assignor of the mortgage) and the plaintiff, in addition to what was expressed in the assignment by the former to the latter; and if there was, then what was such additional agreement ?
Thereupon the case came on for trial, on due notice, at the October circuit, 1878, held by Hr. justice Tapp an. The plaintiff moved the trial of the issues settled as aforesaid, and also for the relief demanded in the complaint against the defendants, who were in default for want of answer.
The issues as settled were taken up and tried by jury. The latter gave a verdict — answering affirmatively as to the first and second questions submitted, and in the negative as to the third. The case was then continued over to a future special term held-by the same justice, the respective parties, however, then moving, “ upon the pleadings, proofs and answers of the jury to the questions submitted,” for judgment; the plaintiff insisting upon a judgment of foreclosure in his favor, notwithstanding the verdict; and the defendant asking for judgment in his favor, declaring the bond and mortgage void for usury. Ho further or other evidence was submitted or offered besides that given on the trial before the jury; and the justice in due time made and filed his findings of fact and law. In and by his findings, he “approved <md adopted” the verdict of the jury, made emendations and additions to them, and certified other findings, the proof in their support resting in the evidence submitted on the trial before the jury. ' Thus the trial before the justice was, as the case declares, “ upon the pleadings, proofs and answers of the jury to those questions submitted ; and the findings of the judge, as appears from the papers, was based not -alone upon the verdict, but also “ upon the proofs ” taken by and before him.
*49 Exceptions were duly filed to his findings, and judgment being entered, an appeal was duly taken to the general term.
¡Now it would seem to follow, according to the well-settled practice of the court, that the appellant was entitled to a case showing the proceedings had before the judge on which the latter had given judgment. Those proceedings would, among other things, include the evidence taken before him, with all exceptions to the admission and rejection of evidence, at least to the extent necessary to disclose fully and fairly the grounds of alleged error.
It seems that in considering and determining the rights of the parties, the judge had before him all the proofs submitted by them during the entire trial, and he based his findings upon those proofs. Judgment was applied for by the parties respectively, “ upon the pleadings and proofs and answers of the jury.” The case was before the judge for decision on the pleadings, proofs and verdict.
The judge was not absolutely bound by the verdict of the jury, but might have disregarded it if, on examination of the evidence, it had been found to be unsupported by the proof. He could have made findings in accordance with his own view of the case, notwithstanding the verdict (Brown agt. Clifford, 7 Lans., 46 ; Hatch agt. Peugnet, 64 Barb., 190). The case being in equity, the verdict was only to satisfy the conscience of the court, and if unreasonable or unjust, in view of the proof submitted, it would be disregarded.
Perhaps, with a view to overcome the effect of the verdict on the questions submitted to the jury, a motion should have been made for a new trial, either on the minutes of the judge or at special term, and this before final judgment (see last clause of sec. 1003, Code of Proc.); but this point of objection should not deprive the appellant of his case and exceptions, as made and taken before the judge who tried the cause.
"Whatever proceedings were had before the trial judge, touching the alleged errors, the appellant was entitled to have certified to the appellate court. The trial judge could not *50 properly limit, the review by striking from the case proceedings had before him during the trial on which the appellant predicated error. Whether the alleged error was or was not available to the appellant, was for the appellate court to decide. How, in this case, the trial judge had before him evidence on which he made emendations and additions to the verdict of the jury. This appears from the findings themselves, and it further appears, too, that such emendations and additions were grounded upon the evidence taken before him on the trial of the issues by the jury. This "being so, the appellant was entitled to have this evidence inserted in his ■case, to the extent necessary, in order to present his grounds of alleged error; and it did not lay with the trial judge, on settling the case and exceptions, to hold that the grounds of alleged error were untenable, or that they could not be considered by the appellate court, and, therefore, to strike from the proposed case the evidence and rulings on which error was predicated. It must be left to the appellate court to determine these questions when the case is brought to a hearing on the appeal. The appellant was entitled to have his case and exceptions duly certified in the record, to the extent of showing the actual proceedings had during the trial, in so far as was necessary truly and fully to present to the appellate court his supposed grievances. How it may be that by the last clause of section 1003 of the Code of Civil Procedure, the appellant on his appeal will be concluded by the verdict of the jury, inasmuch as no motion for a new trial was made "before final judgment was awarded, but that question was not properly one to be considered by the judge on settling the case and exceptions; nor is that question now before us on this appeal. As before suggested, that question is for the appellate court on the hearing of the appeal, when attention can be given it if objection be then raised. Whether or not ■the appellant must be deemed to have acquiesced in the verdict, "'because of his omission to move for a new trial before final judgment, must be determined by the appellate court. With *51 this the trial judge has no concern. He cannot properly strike out evidence or rulings on the ground that the appellate court cannot or will not consider such evidence or rulings, so he it that they are relevant to the alleged error. In Ward agt. Marvin (15 How., 600), and in Brown agt. Clifford (7 Lans., 46), the question whether the party should be held to have acquiesced in the verdict, came up on the hearing of the appeal. In so far as the case of Hegeman agt. Cantwell (1 Weekly Dig., 450) holds to any different rule of practice from that above indicated, I am unwilling to yield it my concurrence.
At all events, in the case in hand, it appears that the trial judge had before him the evidence given during the trial of the question, submitted to the jury, and made his findings from such evidence. To those findings the appellant filed exceptions. Such evidence and the rulings relating to it should, therefore, be certified in the case and exceptions. Whether the appellant can avail himself of the evidence and rulings to sustain his alleged errors, and whether, admitting that he may do this, he has good ground of complaint against the judgment awarded, are subjects for the consideration of the appellate court.
I am of the opinion that the order appealed from should be reversed, and that the case and exceptions should be sent back for resettlement by the justice who heard and decided the case.