THE MADISON UNIVERSITY, RESPONDENT, *v.* JOHN L. WHITE, MARY E. WHITE, GEORGE C. WHITE AND PHEBE A. KNIGHT, APPELLANTS, IMPLEADED WITH OTHERS.

*Verdict of a jury on special issues — the trial court may adopt it and decline to receive further evidence — The payment of a bonus by a person other than the borrower does not render a loan usurious.*

Where, in an action brought to foreclose a mortgage, issues involving the question of usury, which is interposed as a defense, have been framed and tried by a jury, the court may in its discretion, upon the case being brought on for trial before it, adopt the verdict and refuse to receive any further evidence as to the facts averred by it.

Where a third person, who, for personal reasons, is interested in having a loan made, agrees to and does pay a bonus to the lender to induce him to make the loan, such payment, if made without the knowledge or consent of the borrower, does not render the loan usurious, provided the borrower receives the full amount of the loan and is not required to pay any part of the said bonus.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury, and from orders made at a Special Term denying a motion for a new trial, made upon the minutes of the judge before whom certain issues had been tried ; denying a new trial, on the ground of surprise, and denying a motion to amend an order settling issues in the action.

*S. D. White,* for the appellants.

*H. H. Keith* and *John E. Smith,* for the respondent.

BOCKES, J.:

This action was brought to foreclose a mortgage given to secure the payment of $12,000 and interest, made by the defendants John L. White, Mary, his wife, and George C. White to the plaintiff, dated May 23, 1876. The mortgagors and the defendant Phebe A. Knight, a subsequent mortgagee, defended in the action, all interposing the defense of usury. The other defendants made no answer. Issue being joined the defendants who had answered moved for an order settling the issues to be tried by jury, and it was ordered that the following question should be tried, to wit :

*First.* Whether the said plaintiff and the said John L. White and George C. White made the usurious agreement that the plaintiff was to loan said mortgagors the sum of $12,000 upon the terms in said mortgage stated, and the said plaintiff was to receive therefor the sum of $250 in addition to the legal rate of interest as set forth in the first defense in defendant's answer.

*Second.* Whether the said plaintiff did receive the said sum of $250 which was agreed to be paid in addition to the legal rate of interest.

*Third.* Whether the bond and mortgage referred to in the complaint were executed and delivered pursuant to the alleged usurious agreement.

On the trial of these questions the jury, by their verdict, answered each in the negative, thus finding that the defense of usury charged in the defendants' answers were not sustained by the proof.

At a subsequent term of the court the plaintiff moved the further hearing and trial of the case, and also for final judgment; whereupon the verdict of the jury was adopted, and some evidence being given with a view to entire accuracy on uncontroverted points, formal findings of fact and law were made by the court, and judgment of foreclosure was directed.

At this term of the court — the term at which the final hearing and trial were had — the defendants moved (1) for a new trial on the ground of surprise; (2) to set aside the verdict and for a new trial upon the minutes of the court and other papers then read, and (3) to amend the order awarding issues to be tried by jury *nunc pro tunc.* These motions were severally denied. Thereupon the defendants offered further evidence in the case, all which, however, except such as was entirely immaterial, related to the question of usury, already determined by the verdict of the jury. The court declined to hear the further evidence so offered. Judgment being entered, an appeal therefrom was taken to this court.

It is first urged that there was a mistrial of the case. This position is not well taken. The action was in equity, hence triable by the court or by a referee, unless ordered by the court to be tried by jury as to some or all of the questions of fact arising upon the issues in it. (Code of Civil Pro., § 971.) It seems that on the defendants' motion the question of usury, the only question of fact raised by

the answers, was ordered by the court to be tried by jury, and three questions covering the issue in its entirety were settled and ordered to be so tried. This was the defendants' chosen mode of trial of the material and only issue in the case. A trial by jury was had upon those questions, resulting in a verdict for the plaintiff. Thereupon the final hearing and trial of the case was moved and had; findings of fact and law were made and judgment in due form was awarded. This course of procedure was entirely regular. (Code of Civil Pro., §§ 823, 971; *Birdsall* v. *Patterson*, 51 N. Y., 43, 50; *Moore* v. *Metropolitan N. Bank*, 55 id., 41; *Chapin* v. *Thompson*, 80 id., 275.) There was consequently no mistrial by reason of the non-observance of the forms prescribed by law to be observed in the conduct of the case.

The motion for a new trial on the ground of surprise was properly denied. It was based on alleged surprise in this — that the counsel on the trial did not anticipate that the jury would be required to determine by whom the $250, the alleged *bonus*, was to be paid. This fact was involved in the question of the alleged usury, which question could not, in the nature of things, be solved by litigation without evidence bearing upon such fact. The agreement for the payment of the *bonus* — its payment — and by whom it was agreed to be paid, and by whom actually paid, were matters averred in the answers, and to which the evidence on the trial was in point of fact directed. Evidence as to who agreed to pay the alleged bonus, and who in fact paid it, was necessary to the case on the issue presented by the pleadings. It is difficult to see how there could have been any surprise in this regard. (*The People* v. *Marks*, 10 How., 261; *The People* v. *Superior Court of New York*, 5 Wend., 127; *Taylor* v. *Harlow*, 11 How., 285.) If it be suggested that the counsel were surprised because of the ruling of the court, the answer is, that this is not good ground for new trial on motion. That would become a subject for examination on appeal from the judgment under exception. We are of the opinion that the denial of the motion for a new trial on the ground of surprise was right.

Nor can error be predicated on the denial of the motion to amend the order awarding and settling the questions to be tried by jury. The defendants obtained this order on their own motion, they accepted and acted upon it down to the final hearing of the case,

without objection to its form or sufficiency in so far as is disclosed by the record. The motion then came too late. (*Brown* v. *Clifford*, 7 Lans., 54.) Besides its denial was of no importance, as it in no way touched the merits of the controversy.

The next question is, whether the court was in error in declining to receive the further evidence offered by the defendants on the final hearing of the case. This evidence, save as it was immaterial, all related to the issue of usury raised by the pleadings, and the question is, whether the defendant was entitled, as matter of right, to put in further proof on that issue, notwithstanding it had already been tried before a jury and a verdict had been rendered, which in effect disposed of the question of usury in favor of the plaintiff. The trial on the questions determined by the jury took the place of a trial of feigned issue under the former equity practice, and the proceedings on such trial, and the effect to be given the verdict are the same as obtained under that practice. (*Vermilyea* v. *Palmer*, 52 N. Y., 471, 475; *Hatch* v. *Peugnet*, 64 Barb., 195, 196, 197; *Brinkley* v. *Brinkley*, 2 S. C. [T. & C.], 503; *Wallace* v. *Am. L. T. Co.*, 16 Hun, 405, 406; *Clark* v. *Brooks*, 2 Abb. [N. S.], 407.) The verdict in such case is not conclusive upon the parties; it is obtained in aid of the court, and may be accepted and adopted, or rejected or disregarded in whole or in part, or in any way qualified, when brought before the court on the final hearing and trial of the case. (*Hatch* v. *Peugnet*, 64 Barb., 195; *Vermilyea* v. *Palmer*, 52 N. Y., 471, 475, and other cases above cited.) In this case the court on the final hearing and trial adopted the verdict. The question still remains whether it was bound on such hearing and trial to receive further evidence, if offered, on the issue or issues covered by the verdict. We think the court was not so bound, that the reception or rejection of such further evidence at this time rested in the discretion of the court. The parties had been once fully heard on the questions and should not be allowed, as a matter of absolute right, to retry them. If good cause should be shown the case might be opened for further evidence. According to the former equity practice a case on trial might be ordered to stand over for further proof, it being made to appear that the ends of justice would be thereby subserved. But as was said in *Brown* v. *Clifford* (7 Lans., 46) the court may accept

the verdict upon the facts found. In this case MULLIN, J., says: "The court, as a general rule, accepts the verdict as conclusive on the questions of fact, but it is not bound to do so." In *Vermilyea* v. *Palmer* (52 N. Y., 475) Judge CHURCH says: "The court may set the verdict aside and order a new trial or find the facts itself and discharge the order, or it may qualify and alter the finding," implying that an acceptance of the verdict or its rejection or qualification, and as a necessary consequence the admission or rejection of further evidence on the questions tried and determined by the verdict of the jury, rested then in the discretion of the court. In *Clark* v. *Brooks* (2 Abb. [N. S.], 407) Judge HUNT says: "The court to which the result is presented on the trial of the action is authorized to bestow upon it just that degree of attention to which it is entitled. *It may* rely upon it as satisfactory and conclusive." In *Birdsall* v. *Patterson* (51 N. Y., 43) it is laid down as follows: The jury must find upon the issues, and their findings must be presented to the court upon the final hearing. If proof is necessary to establish facts not admitted in the pleadings *or found by the jury* such proof must then be given, thus conveying the inference that the court may adhere to the verdict as to the facts certified by the jury. So in *Brinkley* v. *Brinkley* (2 Sup. Ct. [T. & C.], 501.) BARRETT, J., says, the court "accepts or rejects it (the verdict) in whole or in part, or it takes further testimony and finally pronounces the judgment." Again, the language of the Code is that if the questions directed to be tried by a jury do not embrace all the issues of fact in the action, the *remaining issues* of fact must be tried by the court or by a referee. (Code of Civil Pro., § 927.) And by section 1225 it is provided that if, in actions tried by the court, all the issues of fact in the action are determined by the findings of the jury, an application for judgment upon the whole issue may be made as upon a motion. Such in fact was this case. The sole issue was as to the usury. The verdict as rendered was conclusive of this question in the plaintiff's favor. We conclude therefore that the defendants were not entitled, as matter of absolute right, to put in further proof in this case on the question of usury. They had chosen a trial by jury. They had been heard in the mode selected by them and had put in their proof on such trial fully. Having been heard in the manner selected by them, they

must be content to abide by the result, unless they could show that the ends of justice demanded that the case should be opened for further proof. This was not shown on this application. All that was proposed to be shown by the further evidence offered related to the subject tried by the jury or was wholly immaterial to the case ; and in so far as it was material it was but cumulative, or so indecisive in character that if admitted it would not, in any fair intendment, have changed the result. This is quite apparent, as we think, on examining the proof given before the jury, which proof is very full and complete as to all things touching the arrangement on which the charge of usury was predicated. We are of the opinion that there was no abuse of discretion in the refusal to receive the further proof offered on the final hearing.

A question of law still remains to be considered. It appears that the personal representatives of the estate of Samuel White, through their agent Joseph Mason, subscribed and paid $250 to the plaintiff's library fund, and the plaintiff accepted this sum for the benefit of that fund as an inducement to the loan of $12,000 made by the plaintiff to the defendants John L. and George C. White, payment of which was secured by the bond and mortgage in suit.

In addition to the findings of the jury, which findings were adopted by the court, and by emendation and amplification of them, it was found and certified, as the record shows, " that the making of said subscription and the payment thereof and the offer to make the same, was without the knowledge or consent of either of the defendants, and was not made by them or either of them, nor by their agent, nor by any person acting in their interest or for them ; and the said defendants did not, nor did either of them ever agree with the plaintiff or any of its officers or agents, or with the said Mason, the said administrators, or with any other person to pay any part of said $250 so subscribed for such library fund and paid the plaintiff as aforesaid, but the said subscription was made and the same was paid by said Mason as attorney for said administrators and estate of Samuel White, and out said estate, so that they might make a sale of said lands and receive the money therefrom ; " and further, that " the said John L. and George C. White had the full benefit of said $12,000 without paying or agreeing to pay any bonus or usury, or anything, except the interest as provided by law,

and at the time they ~ &ast; &ast; &ast; executed said bond and mortgage to the plaintiff they had no knowledge that the said administrators or their said attorney had offered, promised or agreed with the treasurer of the plaintiff, to make the aforesaid subscription, or to pay the same or any part thereof, or that any such payment was to be made, and that the same was not made or paid by them or either of them, either directly or indirectly, and that the plaintiff never at any time received from the said defendants, or either of them, directly or indirectly, any greater interest than seven per cent for the loan of said money."

It was also proved and found, and the fact stands undisputed in the case, that the mortgagors actually received the full sum of $12,000, to secure the payment of which the bond and mortgage were made. It may be here stated that the findings of fact above given are fully sustained by the evidence. The question then is this, may the defendants, the mortgagors, insist that the bonus of $250 paid to the plaintiff, by a third party, as a condition of a loan, without their knowledge or consent, and which was never, first or last, paid or agreed to be paid by them, and was never charged to them, rendered the bond and mortgage void for usury? There were reasons stated by Judge MASON and by the personal representatives of Samuel White's estate, why they were interested to have the loan made to the mortgagors, and hence were willing to pay the $250 to secure that result. It is, however, sufficient here to say that those reasons were entirely personal to the parties who made the payment, and in no way affected or concerned the defendants, the borrowers of the $12,000. The latter received the entire amount of $12,000 loaned to them, under no agreement or understanding with the plaintiff that they should pay or be charged with any sum whatever save the money advanced, with lawful interest, as a condition of the loan. They got the full sum they contracted for with no condition attached of any name or nature whatever, save what was expressed in the bond and mortgage given to secure its payment. Those instruments provided for the payment of the money actually loaned with lawful interest only. The arrangement for the payment of the bonus was entirely outside and independent of their agreement for the loan. How then could the former render the latter void? Admit that the payment of the bonus was, as to the plaintiff, in the

nature of usury, the defendants were not harmed by the transaction — they were not made the victims of an illegal agreement. The contract which they made with the plaintiff was not tainted with usury. It has been repeatedly held that the very foundation of an usurious contract is the corrupt agreement. Here there was no illegal or corrupt agreement between the borrower and lender. Their contract had the full sanction of the law. In giving construction to the statute against usury it must be held in mind, it has been often decided, that it was made ʰor the protection of the borrower — that it is only the victim of the usury, and those claiming under a party injuriously affected by it, who may insist upon the invalidity of the usurious agreement. (*Williams* v. *Tilt*, 36 N. Y., 319–325.) In this case the language of Judge BRONSON, in *Dix* v. *Van Wyck* (2 Hill, 522), is given with approval, where he says that one cannot take advantage of a statute not made for his benefit. So in *Billington* v. *Wagoner* ʻ33 N. Y., 31) it was decided that the defense of usury could be set up only by the party bound by the *original agreement to pay the sum borrowed*, or, etc. The decision in *Clarke* v. *Sheehan* (47 N. Y., 188) seems quite conclusive of the question here presented. It was there held that "to establish usury some consideration in addition to lawful interest must *proceed from the borrower;*" and further, "It is not sufficient that the lender is moved by considerations of collateral benefits to himself which may indirectly result from the transaction, provided they are not a burden imposed upon the borrower, and to which he submits as the means of obtaining the loan, and which are intended as a compensation to the lender beyond the legal rate of interest for the use of the money." In *Smith* v. *Beach* (2 Day [Conn.], 268) it was said by the court that there could be no corrupt agreement while either of the parties remained ignorant of the excessive reservation. In the light of these authorities and on sound principle we must hold that inasmuch as the defendants, the borrowers, actually received the full $12,000 secured to be paid by the bond and mortgage without reservation, condition or understanding, by which they were to pay or be charged with more than that amount with lawful interest, their contract for the loan was not void for usury. On the whole, after careful consideration of the entire case on all the points raised by the appellants, we are of

the opinion that it was properly disposed of by the court below. The judgment and orders brought up by the notice of appeal must be affirmed.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and orders appealed from affirmed, with costs