Barnard, P. J.
The question presented in each of these cases was the •same,—did Fredric A. Coe have any interest in either of the parcels when he ■died ? It appears that the lands or interests in these in question originally belonged to one William W. Woodworth. Woodworth conveyed to Bell, and Bell reconveyed to Woodworth, January 31,1860. Bell hada judgment against Woodworth for $12,322.29, and Coe derived title to the interests under a sheriff’s sale of the same, by deed delivered in January, 1866. The mortgage to Brown’s predecessor, as trustee, was subsequent to the lien of the judgment, .and consequently subsequent to the Coe title from the sheriff. The effect of the grant of the land beyond low-water mark was to convey a title, except where the grant was of land in front of a street. The street would extend over the land under water as fast as it was filled. Wetmore v. Lead Co., 37 Barb. 70.
There is no proof in the case which even tends to show that this deed was not absolute. Declarations that Coe made that he held the title for the judgment debtor, and that he had little interest in the land, are not sufficient to ■destroy the effect of the deed. A trust in land cannot be proven by parol. Sturtevant v. Sturtevant, 20 N. Y. 39. It is true that a deed may be proven to be a mortgage by parol; that it was given as security for a loan, and not with the intent to pass an absolute title. Coe subsequently took an absolute title in form, and it was competent to prove this deed to have been given as security for a loan; but if it was, and if it was the expectation that the sheriff’s ■deed should be so considered, it would not destroy the sheriff’s deed without a writing. As to all the defendants but Brown, trustee, the judgment of Lawrence v. Sanders and Lawrence v. Fuller are res adjudicata. The question *954 of the validity of the deed from Woodworth to Coe was in issue by the pleadings, and the judgment was based after a trial of the issue upon the validity of the deed as an absolute one. The judgment should therefore be affirmed, with costs.
Pratt, J., concurs.